UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| AUDI AG, a German corporation, VOLKSWAGEN AG, a German corporation, and VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, | CASE NO: |
| Plaintiffs, | |
| vs. | |
| USP MOTORSPORTS, INC., a Florida corporation, UNFORGETTABLE SOUNDS & PERFORMANCE, INC., a Florida corporation, and CHRISTOPHER T. GREEN, an individual, | |
| Defendants. | |

**VERIFIED COMPLAINT FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, <ins>AND TRADEMARK DILUTION</ins>**

Plaintiffs Audi AG, Volkswagen AG, and Volkswagen Group of America, Inc. (collectively "Audi and VW" or "Plaintiffs") for their complaint against defendants USP Motorsports, Inc., Unforgettable Sounds & Performance Inc., and Christopher T. Green (collectively "Defendants"), allege as follows:

## SUBSTANCE OF THE ACTION

1.     This suit arises from Defendants' unauthorized misappropriation and counterfeiting of Audi's and VW's distinctive and world-famous trademarks.  Defendants feature

Audi's and VW's trademarks in nearly every facet of their business operations, including in their advertisements, on their website, and in the counterfeit goods they manufacture, and/or import and sell in the United States to convey the false impression that Defendants are associated or affiliated with Audi and VW.

2.      This is an action for trademark counterfeiting, infringement, and dilution of Audi's and VW's federally-registered trademarks, and for related claims.  Defendants operate a counterfeiting ring that manufactures, imports, promotes, advertises, distributes, and/or sells automotive grilles and engine covers bearing counterfeits of Audi's and VW's world-famous trademarks, including, but not limited to, the VW LOGO®, AUDI RINGS®, the AUDI GRILLE® design trademarks.

3.      Audi and VW allege claims for federal trademark counterfeiting and infringement, false designation of origin or sponsorship, and federal trademark dilution under Sections 32(1), 43(c), and 43(a) of the United States Trademark Act of 1946, as amended by the Trademark Counterfeiting Act of 1984 (15 U.S.C § 1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), (the "Lanham Act").  Audi and VW seek preliminary and permanent injunctions enjoining Defendants from using Plaintiffs' trademarks, and counterfeits thereof, and an order requiring Defendants to deliver all the counterfeit and infringing goods and the means for manufacturing them for destruction, identifying information for the suppliers or manufacturers of said counterfeit goods, an equitable accounting, an equitable disgorgement of all revenues and/or profits wrongfully obtained, statutory damages, exemplary damages, as well as attorneys' fees and costs.

## THE PARTIES

4.      Audi AG is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany and is a wholly owned subsidiary of Volkswagen AG.

5.      Volkswagen AG is a corporation organized under the laws of Germany with its principal place of business in Wolfsburg, Germany and is the parent of Plaintiffs Audi AG and Volkswagen Group of America, Inc.

6.      Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia and is a wholly owned subsidiary of Volkswagen AG.

7.      Defendant USP Motorsports, Inc. is a Florida corporation with its principal place of business located at 1919 NW 40th Street, Pompano Beach, Florida.  A true and correct copy of USP's profile page, printed from the Florida Department of State's website is attached to the Verified Complaint as Exhibit A.

8.      Defendant Unforgettable Sounds & Performance, Inc. is a Florida corporation with its principal place of business located at 7716 Wiles Road, Coral Springs, FL 33067.  A true and correct copy of USP's profile page, printed from the Florida Department of State's website is attached to the Verified Complaint as Exhibit B.  Upon information and belief, defendant Unforgettable Sounds & Performance, Inc. and USP Motorsports Inc. are alter-egos for defendant Christopher T. Green who is the sole owner and principal of both entities and uses the names of both entities interchangeably to operate his automotive aftermarket sales and service business.  Accordingly, Unforgettable Sounds & Performance Inc. and USP Motorsports, Inc. shall hereinafter be collectively referred to as "USP."

9.      Defendant Christopher T. Green is an individual and principal of USP, and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the acts of infringement.  Audi and VW believe and are informed that defendant Christopher T. Green resides in or near Coral Springs, Florida.

## JURISDICTION AND VENUE

10.       This Court has subject matter jurisdiction pursuant to:

(a)       The International Convention for the Protection of Industrial Property, 13 U.S. Treaties and Other International Agreements (1962), implemented by Sections 39 and 44 of the Lanham Act, 15 U.S.C. §§ 1121 and 1126, and by the Judicial Code, 28 U.S.C. § 1331;

(b)       Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c)       Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d)       Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e)       Sections 43(c) and 43(d) of the Lanham Act, 15 U.S.C., §§1125(c) and (d), relating to dilution and cyberpiracy;

(f)       The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws;" and

(g)       The Judicial Code, 28 U.S.C. § 1331, relating to federal question jurisdiction.

4

11.     Venue is proper under 28 U.S.C. § 1391(b) given that a substantial part of the events giving rise to the claims occurred in this District and because Defendants may be found here.

## GENERAL ALLEGATIONS

### *Audi's Trademark Rights*

12.     Audi is a world-famous automobile manufacturer that sells Audi automobiles and genuine parts and accessories through a network of licensed Audi dealerships.  In addition to the physical car lots operated by its licensees, Audi operates websites, including websites located at *audiusa.com* and *audicollectionusa.com*, through which consumers can purchase genuine Audi parts, automotive accessories, and personal goods directly from Audi.  Audi's world-famous and distinctive trademarks symbolize the Audi brand and its marketability, reputation and goodwill.

13.     Audi first registered AUDI® with the United States Patent and Trademark Office ("USPTO") in 1960 (U.S. Reg. No. 0,708,352), and has since obtained many additional registrations for the mark, including many that are now incontestable.  A true and correct copy of the registration certificate for Audi's first registration of AUDI® is attached to the Verified Complaint as Exhibit C.  A list of Audi's U.S. trademark registrations for AUDI® and marks that include AUDI® is attached to the Verified Complaint as Exhibit D.  Audi's registrations for the AUDI® mark are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Audi's exclusive ownership of the AUDI® mark.

14.     Audi first registered its AUDI RINGS® design trademark (U.S. Reg. No. 0,906,525) with the USPTO in 1971, and has since obtained many additional registrations for the mark, which are now incontestable.  A true and correct copy of Audi's first AUDI RINGS® trademark is attached to the Verified Complaint as Exhibit E.  A table including all of Audi's live registrations for the AUDI RINGS® and trademarks that include the AUDI RINGS® is attached

5

to the Verified Complaint as Exhibit F.  Audi's registrations for the AUDI RINGS® marks are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Audi's exclusive ownership of the AUDI RINGS® marks.

15.     An example of the AUDI RINGS® mark as used by Audi is displayed below:



16.     Audi has registered additional trademarks including A3®, A4®, A5®, A7®, Q3®, Q5®, QUATTRO®, RS 3®, RS 5®, and RS 7®.  Many of these registrations are now incontestable.  A table of trademark registrations for these trademarks is attached to the Verified Complaint as Exhibit G.

17.     Audi has likewise obtained registrations for its AUDI GRILLE® trade dress, which was initially registered on the supplemental register, acquired secondary meaning, and is now registered on the principal register.  True and correct copies of the registration certificates issued by the USPTO for the AUDI GRILLE® trademarks are attached to the Verified Complaint as Exhibit H.

18.     Audi uses the above-referenced trademarks (collectively the "Audi Marks") to identify its goods and services.  In addition to producing high-quality vehicles, Audi produces automotive parts and accessories, including grilles that bear or are in the form of the Audi Marks. Defendants' counterfeit merchandise competes directly with Audi's genuine goods.  Examples of genuine Audi goods are shown in the images below:

6





| Image depicting Audi's "Inventory" page prominently displaying the AUDI GRILLE DESIGN® and AUDI RINGS® online on October 11, 2017, at: https://www.audiusa.com/inventory | Image depicting an OEM Audi Grille as it appeared online on October 11, 2017, at: http://www.2017audiusa.com/2017-audi-rs4-sedan/ |





| Image depicting an Audi A3® vehicle, prominently displaying the AUDI GRILLE DESIGN®, viewable online at: http://www.audi.com/en/models/a3.html | Image depicting an Audi Q3 vehicle, prominently displaying the AUDI GRILLE DESIGN®, as it appeared online on October 11, 2017, at: http://www.audi.com/en/models/q3.html |

19.     Audi has spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks and trade dress, including AUDI RINGS® and AUDI GRILLE®.  As a result of such advertising and expenditures, Audi has established considerable goodwill in its trademarks and trade dress.  The Audi Marks are world-famous and distinctive, and have become associated by the consuming public exclusively with Audi.  The Audi Marks are an invaluable asset of substantial and inestimable worth to Audi.

### *Volkswagen's Trademark Rights*

20.     VW is a world-famous automobile manufacturer that sells VW automobiles and genuine parts and accessories through a network of licensed Volkswagen dealerships.  VW also operates websites, including *vw.com*, through which consumers can purchase genuine VW parts,

automotive accessories, and personal goods directly from VW.  At the core of VW is the world-famous and distinctive VW® brand, which symbolizes VW, its reputation, and its goodwill.

21.     VW obtained its first U.S. registration for VW® in 1957 (U.S. Reg. No. 0,653,695), and has subsequently obtained many additional registrations for VW®, including many that are now incontestable.  A true and correct copy of the registration certificate for VW's first registration of VW® is attached to the Verified Complaint as Exhibit I.  A list of VW's U.S. trademark registrations for VW® and trademarks that include VW® is attached to the Verified Complaint as Exhibit J.

22.     VW obtained its first U.S. registration for its VW LOGO® design trademark (U.S. Reg. No. 0,631,649) in 1966, and has subsequently obtained many additional registrations for that mark and marks that include that mark, including many that are now incontestable.  A true and correct copy of VW's first VW LOGO® trademark is attached to the Verified Complaint as Exhibit K.  A table including all of VW's live registrations for the VW LOGO® and trademarks that include the VW LOGO® is attached to the Verified Complaint as Exhibit L. VW's registrations for the VW LOGO® marks are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of VW's exclusive ownership of the VW LOGO® marks.  A current example of the VW LOGO® is shown below:



23.     VW uses VW®, VW LOGO®, and related trademarks (collectively the "VW Marks") in commerce in connection with their goods and services.

24.     Audi and VW use the above-referenced trademarks (collectively the "Audi and VW Marks") to identify their goods and services.  In addition to producing high-quality vehicles,

8

Audi and VW produce automotive parts and accessories, including without limitation, grilles, engine covers, and badges bearing or in the form of the Audi and VW Marks.

25.     Audi and VW have each spent hundreds of millions of dollars and have expended significant effort in advertising, promoting, and developing these trademarks throughout the world.  As a result, Audi and VW have established considerable goodwill in their trademarks. The Audi and VW Marks have become widely known and recognized throughout the world as symbols of high quality automotive goods and services.   The Audi and VW Marks are world-famous and distinctive, and have become associated by the consuming public exclusively with Audi and VW, respectively.  The Audi and VW Marks are invaluable assets of substantial and inestimable worth to Audi and VW.

### *Defendants' Violations of the Audi and VW Marks*

26.     After Audi and VW's development, use, and registration of the Audi and VW Marks and without Audi's or VW's consent, Defendants began selling aftermarket goods for Audi and VW vehicles bearing or in the form of the Audi and VW Marks, or confusingly similar versions of the Audi and VW Marks.  As shown in the table below, Defendants have imported, manufactured, advertised, and sold goods that bear counterfeits or colorable imitations of the Audi and VW Marks or are in the form of the Audi and VW Marks.

| Defendants' Counterfeit Products | Audi Trademarks |
|---|---|
|  As advertised by Defendants online at: https://www.uspmotorsports.com/Exterior/RS4-Blackout-Mesh-Style-Grille-Audi-B8.5-A4-S4-2013- | Compare to U.S. Reg. No. 3201037 |

9

| Defendants' Counterfeit Products | Audi Trademarks |
|---|---|
| AV-1001.html | |
|  As advertised by Defendants online at: https://www.uspmotorsports.com/Exterior/RS5-Blackout-Mesh-Style-Grille-Audi-B8.5-A5-S5-2013-AV1004.html |  Compare to U.S. Reg. No. 4,499,913 |
|  Item purchased from Defendants by Audi. |  Compare to U.S. Reg. No. 3201037  Compare to U.S. Reg. No. 4,499,913 |
|  As advertised by Defendants online at: https://www.uspmotorsports.com/Exterior/RS5-Blackout-Mesh-Style-Grille-Audi-B8-A5-S5-09-2012-AV-1002.html |  Compare to U.S. Reg. No. 3201037  Compare to U.S. Reg. No. 3,649,039 (Supplemental Register) |
|  As advertised by Defendants online at: https://www.uspmotorsports.com/Engine/Accessories/ |  Compare to U.S. Reg. No. 3,032,408 |

10

| Defendants' Counterfeit Products | Audi Trademarks |
|---|---|
| Aggressiv-MK7-Gen3-Carbon-Fiber-Engine-Cover.html | |

27.     Defendants have manufactured, imported, or sold grilles and automotive badging for Audi vehicles that bear or are in the form of the Audi Marks.  Defendants have imported these such automotive accessories to be sold to Audi vehicle owners.

28.     Defendants operate a website at *uspmotorsports.com* and use it to sell their counterfeit goods to consumers online.  Defendants also display the Audi and VW Marks in their online advertisements in order to lead the public to believe in error that Defendants' goods are authorized or related to Audi and VW.  Printouts of several web pages from Defendants' website advertising the counterfeit goods bearing counterfeits of Audi's and VW's trademarks are attached to the Verified Complaint as Exhibits M-1 through M-12.

29.     On October 2, 2017, Plaintiffs ordered a grille with the product name of "RS5 Blackout Mesh Style Grille: Audi B8.5 A5/S5" for an Audi A5 vehicle from Defendants via *uspmotorsports.com*.   A copy of a screen shot of the online order confirmation and the shipping label for the grille purchased from Defendants' with the recipient's information redacted to protect the anonymity of Plaintiff's purchasing alias, demonstrating that the counterfeit goods were shipped from Defendants' address in Pompano Beach, Florida is attached hereto as Exhibit N.

30.     Images of the grille Audi received are shown below:



Packaging for the knockoff grille

Protective packaging for the knockoff grille

Front of knockoff grille with AUDI RINGS®
pre-installed by Defendants

Back of knockoff grille

Packaging for the license plate insert

Front of license plate insert

Back of license plate insert.

RS 6® marking on the back of the license plate
frame



31.    The grille delivered to Plaintiffs was a cheap imitation of a genuine Audi grille.

32.    On October 11, 2017, Plaintiffs discovered that Defendants were selling aftermarket engine covers bearing the VW LOGO®.  A printout of the advertisement for the counterfeit engine cover product bearing the VW LOGO®, and several images of the product, as they appeared on Defendants' website on October 12, 2017, are attached hereto as Exhibit O.

33.    On October 17, 2017, Plaintiffs purchased such an engine cover from Defendants and received it on October 19, 2017.   Plaintiffs confirmed that the engine cover is an unauthorized, counterfeit product.   Plaintiffs confirmed that the product incorporates the VW LOGO® and is an unauthorized, counterfeit product.

34.    Images depicting the engine cover purchased by Plaintiffs are shown below:

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012| MIAMI, FL 33156 | T: 786-870-5600 | F: 855-802-5821



# USP motorsports

## RECEIPT

**Date:** 10-17-2017 03:26 PM
**Order id:** #99144
**Order status:** Order Received
**Payment Method:**
PayPal
**Delivery method:**
USPS Express Mail (R)

**USP Motorsports**
1919 NW 40th Court, Pompano Beach
33064, Florida
United States
CALL US: 888-755-7772
Fax: 954-755-6116
Email: order@uspmotorsports.com

**Email:** _____@outlook.com

**Billing address**

First name:
Last name:
Address:
City:
State:
Country:
Zip/Postal code:
Phone:

**Shipping address**

First name:
Last name:
Address:
City:
State:
Country:
Zip/Postal code:
Phone:

### Products ordered

| SKU# | Product | Item price | Quantity | Total |
|------|---------|-----------|----------|-------|
| 16762 | Aggressiv MK7/Gen3 Carbon Fiber Engine Cover | $239.99 | 1 | $239.99 |

| | | |
|---|---|---|
| | Subtotal: | $254.39 |
| | Shipping cost: | $40.35 |
| | **Total:** | **$294.74** |
| | PayPal: | -$294.74 |
| | including Florida State Tax 6%: | $14.40 |

35.     Defendants are in no way affiliated with, authorized by, or sponsored by Audi and VW and have no authority to use the Audi and VW Marks to identify their goods and services.

36.     Defendants' misappropriation of the Audi and VW Marks is likely to cause potential purchasers of Defendants' goods and services, as well as the public at large, to believe that Defendants' goods are authorized by Audi and VW.   In addition, Defendants' wrongful use of the Audi and VW Marks, or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the Audi and VW Marks.

37.    Defendants continue to use the Audi and VW Marks and/or intentionally similar versions thereof with actual knowledge of Audi's and VW's prior adoption and use of the Audi and VW Marks.  Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general.  In so doing, Defendants have caused irreparable damage to the Audi and VW Marks and to the goodwill and reputation of Audi and VW.

38.    Audi and VW exercise great care and exert substantial effort to control the nature and quality of the genuine goods and services offered under the Audi and VW Marks.

39.    Defendants are not subject to the quality control specifications of Audi and VW, and do not pay royalties to Audi and VW.

40.    Defendants' unauthorized misappropriation of the Audi and VW Marks, or confusingly similar versions thereof, is likely to cause confusion as to the source and/or sponsorship of Defendants' products and services.  In addition, Defendants' unauthorized misappropriation of the Audi and VW Marks as alleged above dilutes, blurs the distinctiveness of, and tarnishes the Audi and VW Marks.

41.    Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton. Indeed, Christopher Green was previously notified by Audi and VW that advertisement and sale of goods bearing counterfeits of the Audi and VW Marks infringed Plaintiffs' rights.  On January 20, 2010, he signed a settlement agreement pursuant to which he agreed, on behalf of himself and USP, to forbear from use of the Audi and VW Marks on any products and to reimburse Audi and VW for their reasonable attorney fees upon any breach of the settlement agreement.  See Settlement Agreement attached hereto as Exhibit "P".  Green has violated these terms of the settlement agreement and damaged Audi and VW as a result.  Despite his agreement to cease using the Audi and VW Marks, Defendants sell goods bearing counterfeits of the Audi and VW

Marks. Screen shots of Defendants' website demonstrating some of the material breaches of the contract are attached to the Verified Complaint as Exhibits Q-1 through Q-4.

42.     As such, Defendants' conduct constitutes a willful and knowing infringement of the Audi and VW Marks.

43.     Based on experience, Plaintiffs are informed and believe that unless this Court enters a preliminary and permanent injunction in this case, Defendants will continue to sell counterfeit goods bearing the Audi and VW Marks and will destroy all evidence relating to the manufacture, importation, advertisement, and sale of the counterfeit goods, and disclaim any knowledge of the persons from whom they bought and to whom they sold such counterfeit goods.

**FIRST CLAIM FOR RELIEF**
(FEDERAL TRADEMARK COUNTERFEITING
AND INFRINGEMENT, 15 U.S.C. § 1114)

44.     Audi and VW reallege and incorporate herein the allegations above.

45.     Despite Audi's and VW's well-known prior rights in the Audi and VW Marks, Defendants have used and continue to use, without Audi's and VW's authorization, the Audi and VW Marks, or confusingly similar variations and imitations thereof, in connection with the advertisement, promotion, and sale of Defendants' counterfeit products and services.

46.     Defendants' misappropriation of the Audi and VW Marks is likely to cause consumer confusion as to whether Audi and VW endorse, sponsor, or license Defendants' products, or as to whether Defendants are somehow affiliated with Audi and VW.

47.     Defendants' actions constitute trademark counterfeiting and willful infringement of Audi's and VW's exclusive rights in the Audi and VW Marks in violation of 15 U.S.C. § 1114.

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012| MIAMI, FL 33156| T: 786-870-5600 | F: 855-802-5821

48.     Defendants' misappropriation of the Audi and VW Marks, or confusingly similar variations thereof, has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers regarding the source and/or sponsorship of Defendants' products and services.  Defendants have used counterfeits of the Audi and VW Marks in connection with their products with the knowledge that the marks are counterfeits and with the intent to use counterfeits.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

49.     As a direct and proximate result of Defendants' conduct, Audi and VW have suffered irreparable harm to the valuable, distinctive and world-famous Audi and VW Marks.  Unless Defendants are restrained from further infringement of the Audi and VW Marks, Audi and VW will continue to be irreparably harmed.

50.     Audi and VW have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

51.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.  Alternatively, Audi and VW are entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $500 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

### SECOND CLAIM FOR RELIEF
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
AND FALSE ADVERTISING, 15 U.S.C. § 1125(a))

52.     Audi and VW reallege and incorporate herein the allegations above.

53.     Defendants have knowingly used the Audi and VW Marks, or confusingly similar variations thereof in connection with the products and services that Defendants manufacture,

import, advertise, promote, and/or sell.  Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

54.     Defendants' misappropriation of the Audi and VW Marks is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Audi and VW or that Defendants are in some way affiliated with Audi and VW.

55.     Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

56.     Because of Defendants' actions, Audi and VW have suffered irreparable harm to the Audi and VW Marks.  Unless Defendants are enjoined from their actions, Audi and VW will continue to be irreparably harmed.

57.     Audi and VW have no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

58.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW are entitled to the equitable remedy of a preliminary injunction, a permanent injunction, an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
**(TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))**

59.     Audi and VW reallege and incorporate herein the allegations above.

60.     The Audi and VW Marks have become famous and distinctive worldwide through Plaintiffs' continuous and exclusive use of them in connection with Audi's and VW's products and services.

61.     Because Audi's and VW's products and services have gained a reputation for superior quality, durability, and performance, the Audi and VW Marks have gained substantial renown.

62.     Defendants have willfully and intentionally used and continue to use the Audi and VW Marks or confusingly similar variations thereof in connection with the advertisement, promotion, and sale of Defendants' products and services.

63.     Defendants' misappropriation of the Audi and VW Marks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual dilution of the Audi and VW Marks' distinctive quality in violation of Audi's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Audi and VW Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi and VW Marks.

64.     Defendants have used and continue to use the Audi and VW Marks, and confusingly similar variations thereof, willfully and with the intent to dilute the Audi and VW Marks, and with the intent to trade on Audi's and VW's reputation and the goodwill inherent in the Audi and VW Marks, despite having signed an agreement in the past that they would not do so.

65.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW have suffered irreparable harm to the Audi and VW Marks.

66.     Unless Defendants are enjoined, the Audi and VW Marks will continue to be irreparably harmed and diluted. Audi and VW have no adequate remedy at law that will

compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

67.     Defendants have used and continue to use the Audi and VW Marks, or counterfeits thereof, willfully, with the intent to dilute the Audi and VW Marks and trade on Audi's and VW's reputation and goodwill.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

68.     As a direct and proximate result of Defendants' unlawful conduct, Audi and VW are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

69.     Audi and VW reallege and incorporate herein the allegations above.

70.     On January 20, 2010, Defendants signed an Agreement that required Defendants, among other things, to forebear from the use of the Audi and VW Marks on any products, when describing Defendants' own goods and services and upon any breach, to reimburse Audi and VW for their reasonable attorney fees.

71.     Despite having agreed to be bound by the contract, Defendants have materially breached the express terms thereof by using the Audi and VW Marks on unauthorized goods and to identify the source of their own services and the unauthorized goods they sell.

72.     As a direct and proximate result of Defendants' breach of the contract, Audi and VW have been damaged in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Audi and VW pray for judgment against Defendants as follows:

21

1.      Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)      imitating, copying, or making unauthorized use of any of the Audi and VW Marks, counterfeits thereof, or any confusingly similar variations thereof;

(b)      importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Audi and VW Marks;

(c)      using any simulation, reproduction, counterfeit, copy or confusingly similar variation of the Audi and VW Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)      using any false designation of origin or false description, including without limitation, any letters or symbols constituting the Audi and VW Marks or performing any act which can or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi and VW, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi and VW;

(e)      transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to any or all of the Audi and VW Marks;

(f)     engaging in any other activity constituting unfair competition with Audi and VW with respect to the Audi and VW Marks, or constituting an infringement of any or all of the Audi and VW Marks, or of Audi's and VW's rights in, or to use or exploit, any or all of the Audi and VW Marks; and

(g)     instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.     Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away or otherwise disposing of Defendants' goods bearing counterfeits of the Audi and VW Marks, and requiring Defendants to sequester said counterfeit goods, including without limitation, any grilles, engine covers, automobile badges, or other goods bearing the Audi and VW Marks as described in this Verified Complaint in a separate and safe location at Defendants' place or places of business, as well as all business records related thereto, including any computers or other digital media containing such business records to be made available for Audi and VW and their representatives to examine, photograph, and/or copy any such goods and information;

3.     For an order directing Defendants to deliver to Audi and VW and its counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi and VW Marks or any confusingly similar variation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

4.     For an order directing such other relief as the Court may deem appropriate to prevent consumers and public in general from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Audi and VW or related in any way to Audi's and VW's products or services.

5.      For an order directing Defendants to file with the Court and serve upon Audi's and VW's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

6.      For an order permitting Audi and VW, and/or auditors for Audi and VW, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi and VW Marks, including all revenues and sales related to Defendants' use of the Audi and VW Marks, as well as Defendants' compliance with orders of this Court.

7.      For an award of Audi's and VW's costs and disbursements incurred in this action, including Audi's and VW's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

8.      For an order requiring Defendants to file with the Court and provide to Audi and VW an accounting of all sales and profits realized through Defendants' use of the Audi and VW Marks and any counterfeits thereof.

9.      For judgment in an amount equivalent to three times Defendants' profits and reasonable attorneys' fees because of Defendants' intentional, willful and knowing use of counterfeits of the Audi and VW Marks pursuant to 15 U.S.C. § 1117(b) and pursuant to the terms of the agreement signed by Defendants.

10.     Alternatively, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

11.     For an award of interest, including pre-judgment interest on the foregoing sums.

15.     For such other and further relief as the Court may deem just and proper.

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012| MIAMI, FL 33156| T: 786-870-5600 | F: 855-802-5821

DATED this _30___ day of October, 2017.

FIELDS HOWELL LLP
Attorneys for Plaintiffs
9155 So. Dadeland Blvd., Suite 1012
Miami, FL 33156
Tel:  (786) 870-5610
Fax: (855) 802-5821

By:__/s/Armando P. Rubio ____
     Armando P. Rubio, Esq.
     Florida Bar No. 478539
     arubio@fieldshowell.com
     service@fieldshowell.com